UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC LACEY, #173035,

       Plaintiff,

                                 CIVIL CASE NO. 06-12454
v.                               HONORABLE PAUL V. GADOLA

WARDEN BIRKETT, et al.,

       Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

### I.    Introduction

Before the Court is Plaintiff Cedric Lacey's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Standish Correctional Facility in Standish, Michigan. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that he was assaulted by Officer G. Gransden, that he is being sexually harassed by Officer Kolb, and that the warden and other prison officials have failed to stop such behavior. Plaintiff names Warden Birkett, Officers Gransden and Kolb, and the Michigan Department of Corrections Director as defendants. Plaintiff seeks monetary damages.

Having reviewed the complaint, the Court dismisses it pursuant to 42 U.S.C. § 1997e(a) for failure to demonstrate exhaustion of administrative remedies.

1

## II.     Discussion

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust all available administrative remedies before filing a federal lawsuit challenging his conditions of confinement. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir. 1999). To demonstrate exhaustion of administrative remedies, a prisoner should attach the decision containing the administrative disposition of his grievance or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). When a prisoner fails to exhaust administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate. *See* 42 U.S.C. § 1997e(a); *Smith v. Federal Bureau of Prisons*, 300 F.3d 721, 723 (6th Cir. 2002). The exhaustion requirement applies to § 1983 actions brought by state prisoners even if those prisoners seek monetary relief. *See Lavista v. Beeler*, 195 F.3d 254, 256-57 (6th Cir. 1999). Federal courts may enforce the exhaustion requirement *sua sponte*. *See Brown*, 139 F.3d at 1104.

In this case, Plaintiff indicates that he has filed grievances involving the issues raised in his complaint, but fails to show that he pursued his administrative remedies through each step of the grievance process as to each defendant and each issue raised in his complaint. Plaintiff has attached copies of some grievances, which have not been answered, and documents indicating that he is on modified access status. Plaintiff has thus not met his burden of showing that he has fully exhausted his administrative remedies. His complaint must therefore be dismissed.

### III.    Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to demonstrate exhaustion of his administrative remedies.  **ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's civil rights complaint is **DISMISSED WITHOUT PREJUDICE**.  Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

Dated:   June 20, 2006                                             s/Paul V. Gadola
                                                                                    HONORABLE PAUL V. GADOLA
                                                                                    UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on    June 21, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                                                                                                                   ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:            Cedric Lacey              .

                                                                s/Ruth A. Brissaud
                                                                Ruth A. Brissaud, Case Manager
                                                                (810) 341-7845