UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC LACEY,

                        Plaintiff,

                                      CIVIL CASE NO. 06-12454

v.

GRANDSEN, et al.,                           HONORABLE PAUL V. GADOLA
                                                       U.S. DISTRICT COURT
                        Defendants.
_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTION AND ACCEPTING THE REPORT AND RECOMMENDATION

Before the Court are Defendants' motion to dismiss and the Report and Recommendation of United States Magistrate Judge Charles E. Binder. In his Report and Recommendation, the Magistrate Judge recommended that the Court grant Defendants' motion to dismiss based on Plaintiff's failure to properly exhaust administrative remedies. Plaintiff subsequently filed an objection to the Report and Recommendation. For the reasons below, the Court overrules Plaintiff's objection and accepts the Report and Recommendation as the opinion of this Court.

### I.    Legal Standard

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). Here, because Plaintiff filed an objection, this Court reviews de novo those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2.

## II. Analysis

This is a *pro se* prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the Michigan Department of Corrections and is an inmate at the St. Louis Correctional Facility in St. Louis, Michigan. In his complaint, Plaintiff alleges that he suffered assault, harassment, retaliation, and other injuries as a result of actions by certain correctional officers named as Defendants.

In his Report and Recommendation, the Magistrate Judge concluded that Plaintiff's case should be dismissed because Plaintiff had failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions [under 42 U.S.C. 1983] . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The Magistrate Judge observed that Plaintiff was on modified access status and had not gone through the proper procedures for filing a grievance. Plaintiff objected to the Report and Recommendation and argued that he had exhausted his administrative remedies because he had followed all the required procedures for filing a grievance.

After reviewing Plaintiff's objection and the Report and Recommendation, the Court finds that the conclusions of the Magistrate Judge are correct and his reasoning is sound. Though Plaintiff attempted to file a grievance, he did not go through the proper procedures due to his modified access status. In a letter dated March 15, 2006, Plaintiff was notified that his grievance could not be processed because he was on modified access status and that his grievance was being returned to him. *See* Exh. B, Def. Mot. Dismissal [docket entry #26]. The letter also advised Plaintiff to contact his grievance coordinator and to follow the procedures set out for prisoners on modified access status. In his objection, Plaintiff does not demonstrate how he has exhausted the procedures set out for prisoners on modified access status. Since Plaintiff has failed to exhaust his administrative remedies, this case should be dismissed. *See* 42 U.S.C. § 1997e(a).

### III. Conclusion

Accordingly, after having reviewed the Magistrate Judge's Report and Recommendation, Plaintiff's objection, and the applicable portions of the record, **IT IS HEREBY ORDERED** that

Plaintiff's objection [docket entry #30] to the Report and Recommendation is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #29] is **ACCEPTED and ADOPTED** as the opinion of this Court.

Consequently, **IT IS FURTHER ORDERED** that Defendants' motion to dismiss [docket entry #26] is **GRANTED** and this case is dismissed for Plaintiff's failure to exhaust his administrative remedies.

**SO ORDERED.**

Dated:   June 19, 2008                              s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   June 19, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                              Julia R. Bell                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:            Cedric Lacey           .

                                                     s/Ruth A. Brissaud
                                                    Ruth A. Brissaud, Case Manager
                                                    (810) 341-7845